Filed 8/31/23  P. v. Haggins CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D081876 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD286869) |
| DAVID C. HAGGINS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

David C. Haggins entered into a plea agreement, under which he pleaded guilty to grand theft (Pen. Code,[1] § 487, subd. (a)) and admitted two strike priors (§ 667, subds. (b)-(i)).  He was sentenced to eight months in this

_____

1    All further statutory references are to the Penal Code.

case to be served consecutively to case Nos. SCE401916 and SCD288251. The total sentence imposed was six years eight months.

After the sentencing, the prosecution filed a motion for restitution to the victim for the value of items stolen from her home. The motion requested restitution in the amount of $20,000. The court held an evidentiary hearing. During the course of that hearing, Haggins agreed to a restitution order in the requested amount.

The trial court ordered restitution as part of the judgment.

Haggins filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende)* indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Haggins the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Appellate counsel has provided an accurate summary of the evidence produced at the restitution hearing. We will utilize that summary for background purposes.

A.  The Testimony of the Victim.

The victim, Katie F., testified that she hired a company to perform mold remediation on the second floor of her residence, during which various items in the bedroom and bathroom were required to be moved. On the first day of the work, she discovered that workers had wrapped an armoire in the bedroom closet in plastic. She then asked Haggins, who was the primary worker that she dealt with on the project, to take the plastic off, because she needed to retrieve something from the armoire. When Haggins did so, Katie

2

F. retrieved a jewelry box, which she had stored in the armoire, then placed it in a moving box inside a landing area, and covered it with a series of duvets and comforters. A day later, Haggins told Katie F. that he had straightened the items in the moving box, because he noticed that they were unstable.

On February 14, 2020, after the bathroom remodeling was done, Katie F. went to put the items back, and discovered that the jewelry box was gone. In connection with her loss, and the resulting insurance claim, Katie F. prepared a 38-page written inventory or spreadsheet of the items, along with their estimated value and the date they were acquired. The spreadsheet included a total of 35 items, many of which Katie F. had appraised, while others were valued using various internet sites, such as Google, eBay, and Etsy. [2]

Katie F. estimated the total value of the stolen items at $46,275. She was able to obtain several of the items, which had been impounded at a pawn shop, whose estimated value totaled $4,650, and paid $682 to another pawn shop to repurchase a ring that had been stolen. As a result, after subtracting the value of the recovered items Katie F. estimated her total loss at $41,625, plus the cost of the repurchased ring. She also filed a claim with Farmers Insurance, which paid a total of $10,284.03 on the claim.

---

[2] A copy of the inventory or spreadsheet, along with supporting documentation, was attached to the motion for restitution filed by the People on behalf of Katie F. Katie F. testified that she was able to prepare the spreadsheet because she had spent a lot of time over the years going through the box at least once a year for over 40 years and telling her daughter stories about the items. She was also able to identify the dates that many of the items were acquired, because she received them from her mother or as gifts from her parents or her husband.

As a result, and after deducting the insurance payment from the total loss of $41,625 Katie F. claimed a net loss of $32,023.[3]  However, she elected to claim only $20,000, because she did not want to overestimate her loss, and because much of the value of the stolen items was nonmonetary.

B.  Haggins's Testimony.

Haggins denied being asked to remove the plastic wrapping from the armoire, and claimed that it was done by another worker, named "Salvatore." He also denied being present when the jewelry box was placed inside a larger box, and denied making the comment to Katie F. about straightening the items in the box.  Haggins admitted having a practice of pawning items in San Diego, and presenting his own identification as the person pawning the items.  Haggins also testified that on many occasions, he merely used the items to obtain a loan rather than pawning them, and that he made approximately $80,000 to 100,000 per year by buying and selling gold and diamonds.

Haggins admitted pawning a piece of green jewelry identified by Katie F., but denied that it was stolen.  Instead, he claimed that he spent only a day or two at Katie F.'s residence, and that about a month later, he was approached by an employee of the company that remediated Katie F.'s residence, and who had also worked on the residence, to see what kind of deal Haggins could get for him on that and other pieces.  Haggins bought several of the items, but according to Haggins, he did not know they were stolen. Haggins nonetheless pleaded guilty to grand theft because it was a "global offer" affecting three different cases in which Haggins had been charged. Although Katie F. offered to settle the matter for $20,000, Haggins insisted

---

[3]    After making the calculations using the above amounts, the actual total comes to $32,022.97.

on a restitution hearing, because he claimed that he has never seen half of the items on there.[4]

Following the prosecutor's closing argument, Haggins advised the court that he did not wish to further contest the $20,000 claim by Katie F., and the trial court ordered restitution in that amount.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal. Whether the court erred in granting the victim's request for restitution.

We have reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Haggins on this appeal.

---

[4]    On cross-examination, Haggins conceded that he was convicted of receiving stolen property in 2008; that in 2008, he was arrested for burglary, receiving stolen property, and grand theft; that he pleaded guilty to possessing a stolen vehicle; and that he pleaded guilty to burglary in 2012. When Haggins was questioned by police on March 10, 2020, he denied stealing any jewelry, and stated that three pieces of jewelry were given to him by a co-worker.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


RUBIN, J.